UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-05 MICHAEL CICCHETTI,

    Defendant.

                                   /

Case No. 06-20465-5

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANT MICHAEL CICCHETTI'S MOTION TO SUPPRESS EVIDENCE [1076]**

    Defendant Michael Cicchetti (D-05) is charged in multiple counts of a 50 count Second Superseding Indictment, including counts One and Two, alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962 (c), (d), 1963(a), alleging (among other things) the transporting and receiving of stolen vehicles, and Count Fifteen, alleging a violation of 18 U.S.C. §§ 2312, 371 for conspiring to transport stolen property in interstate commerce. At a hearing held on February 24, 2010, this matter came before the Court on Defendant Cicchetti's motion to suppress evidence seized from his rented residence located at 5824 Jackson Street, Taylor, Michigan, pursuant to a search warrant issued and executed on August 30, 2006. Defendant's motion argues that the search warrant was overly broad and the affidavit submitted in support of the search warrant lacked probable cause to believe that the evidence of a crime or contraband would be present in the place to be searched at the time it was searched. For the reasons stated below, Defendant's motion is DENIED.

**I.     Facts**

In July 2006, Detective Mike McCarthy of the Brownstown Township Police Department and FBI Special Agent Ted Brzezinski were conducting surveillance as part of an on-going investigation into illegal activity by members of the Highwaymen Motorcycle Club, including the theft and subsequent "re-tagging" of motorcycles. As Detective McCarthy and Agent Brzezinski were driving, they observed Defendant Cicchetti riding a Harley Davidson motorcycle bearing a Michigan license plate, "81AC4." They were able to identify Defendant Cicchetti as the rider because he was known to both of them as a member of the Highwaymen. They turned the license plate number over to the Downriver Auto Theft Team ("DRATT") for further investigation into the origin and ownership history of the motorcycle Defendant Cicchetti was observed driving.

Detective Lieutenant Ray Collins of the Michigan State Police and member of DRATT followed up on this information, and submitted the affidavit in support of the search warrant for 5824 Jackson Street. His affidavit provides as follows.

He begins with background information. In February 2006, he began an investigation into ongoing criminal activity involving the theft of multiple stolen vehicles by members of the Highwaymen motorcycle club. As of August 30, 2006, officers had recovered 20 stolen vehicles that were allegedly stolen by the Highwaymen. (Search Warrant at ¶ 2.) Several of the recovered vehicles were titled as assembled motorcycles so as to conceal their stolen identity. The criminal operation worked as follows. Motorcycles were stolen. Their Vehicle Identification Numbers (VINs) were ground from their frames and then re-labeled using a fraudulent Federal Safety Standard Label (FSSL). (*Id.*) The stolen motorcycle's identity was further concealed by the use of fraudulent Manufacturer's Statements of

2

Origin. These fraudulent documents were presented to Michigan's Secretary of State and represented that parts like crankcases and frames had been purchased and the motorcycle assembled. Officers had, on numerous occasions, verified that these documents were fraudulent. Detective Lieutenant Collins had repeatedly witnessed these fraudulent documents being used to conceal the identity of a stolen motorcycle. (*Id.*)

The affidavit then addresses the specific events leading up to the search warrant. In July 2006, officers working surveillance observed Defendant Michael Cicchetti, a known Highwaymen member, operating a Harley Davidson style motorcycle bearing a Michigan license plate number of 81AC4. (*Id.* at ¶ 3.) This information was conveyed to Detective Lieutenant Collins, and he began an investigation. In July 2006, he retrieved the motorcycle's certified title history from the State of Michigan. He discovered that the motorcycle was titled as a 2002 assembled motorcycle in the name of the individual observed driving it in July 2006 -- Michael Francis Cicchetti III of 5824 Jackson Street, Taylor, Michigan 48180. (*Id.*) Detective Lieutenant Collins also observed other signs of fraud involving this motorcycle's title history, including a suspected fraudulent Manufacturer's Statement of Origin from S&S Cycle, Inc. for a motorcycle crankcase. He noted several improper entries, including the case weight, trade name, invoice number, title of company representative. He also noted errors in punctuation. Det. Lt. Collins contacted R. Connelly at S&S Cycle who confirmed that the document was fraudulent. (*Id.* at ¶ 4.)

Det. Lt. Collins made similar discoveries on other documentation. For example, as to the motorcycle's frame, the Manufacturer's Statement of Origin stated that it came from Santee Industries. Santee Industries, however, verified to Det. Lt. Collins that this was

false. (*Id.*) The required State of Michigan TR-54 vehicle number and on-road equipment inspection form contained in the motorcycle's title history also proved to be false. It was signed as inspected by Dennis Abraham #612 of the Detroit Police Department's 6th Precinct. A check with the Detroit Police Department revealed that it did not have an officer named Dennis Abraham and further revealed that badge #612 was listed as belonging to a female officer. (*Id.*) Det. Lt. Collins also certified that, during the course of his investigation, he observed fraudulent documents that appeared to have been manufactured using a computer. (*Id.* at ¶ 7.)

One paragraph of the affidavit was crossed off with the initials of the District Court Judge that signed the search warrant, indicating that he was of the opinion that probable cause to search existed without the crossed out information. The cross-off information stated that (1) an anonymous source told officers that the motorcycle Defendant Cicchetti owns was stolen, and (2) officers had observed Defendant Cicchetti operating the suspected stolen motorcycle at 5824 Jackson Street, Taylor, Michigan, on various dates in the month of August 2006. (*Id.* at ¶ 5.)

A search warrant was issued on August 30, 2006 by the Honorable Geno D. Salomone, District Judge, 23rd Judicial District of Michigan, to search the address provided on the title of the suspected stolen motorcycle:

> a cream colored two story residence located at 5824 Jackson St., in the City of Taylor, County of Wayne, State of Michigan. The residence is located on the west side of Jackson Street just sough of Van Born Street. There is a detached garage located to the rear of the residence. The search is to include any and all garages, storage sheds, and containers located upon the curtilage of the property. Any and all vehicles found upon the curtilage of the property. Any and all vehicles found parked curb-side in front of the residence.

4

(8/30/06 Search Warrant.) It authorized the seizure of that motorcycle and other evidence of stolen vehicles, including:

> Any and all parts belonging to a 2002 assembled Motorcycle (Harley Style) displaying VIN: MI0122A138GO42402. Any and all vehicles and vehicle parts located upon the curtilage of the property. Any and all tools used to conceal or mislead the true identity of a motor vehicle. Any and all tools used to dismantle stolen motor vehicles. Any suspected stolen property.
>
> Any and all documents showing residency. Any and all documents showing proof of insurance, registration, or title of ownership to motor vehicles. Any and all computers, monitors, printers, computer hard drives, and computer software.

(*Id.*) The Search Warrant Return reveals that the following items were seized during the August 30, 2006 search: (1) 2001 Harley Davidson; (2) one State of Michigan historical registration plate; (3) one State of Michigan title; (4) 2005 Harley Davidson; (5) one vehicle identification number (VIN) plate; and (6) 1995 Ford Explorer. (8/30/06 Search Warrant Return and Tabulation.)

**II. Analysis**

In his motion to suppress, Defendant Cicchetti argues that (1) the search warrant was overly broad; and (2) the affidavit submitted in support of the search warrant lacks probable cause because it fails to establish a nexus between the place to be searched and the evidence sought in the warrant. The government responds that (1) because Defendant's Fourth Amendment challenge focuses solely on the search warrant and its supporting affidavit, there is no need for an evidentiary hearing; (2) the information provided in the affidavit was sufficient to support the District Court Judge's finding of probable cause; and (3) the search warrant was not overly broad. This Court agrees with the government that an evidentiary hearing is not required and begins its analysis with Defendant's probable cause argument.

## A. Probable Cause Exists

The Court first addresses the issue whether the affidavit submitted in support of the August 30, 2006 search warrant established probable cause by showing that "a fair probability that contraband or evidence of a crime" would be found at 5824 Jackson Street. *See United States v. Berry*, 565 F.3d 332, 338 (6th Cir. 2009) (quoting *Illinois v. Gates*, 462 U.S. 213, 236 (1983)). "The probable cause standard is a 'practical, non-technical conception' that deals with the 'factual and practical considerations of everyday life.'" *United States v. Frazier*, 423 F.3d 526, 531 (6th Cir. 2005) (quoting *Gates*, 462 U.S. at 231). "[R]eview of an affidavit and search warrant should rely on a 'totality of the circumstances' determination, rather than a line-by-line scrutiny." *United States v. Greene*, 250 F.3d 471, 479 (6th Cir. 2001). Thus, "[p]robable cause exists where there is a fair probability, given the totality of the circumstances, that contraband or evidence of a crime will be found in a particular place." *Id.* (internal quotation marks and citations omitted).

Contrary to Defendant Cicchetti's arguments here, the affidavit does establish "a nexus between the place to be searched and the evidence sought." *United States v. Carpenter*, 360 F.3d 591, 594 (6th Cir. 2004) (en banc) (internal quotation marks and citation omitted). The affidavit establishes that Defendant Cicchetti was observed driving a motorcycle that was suspected to be stolen and evidence of fraud was found in a subsequent investigation of that vehicle's title history. The affidavit details the steps taken to investigate the motorcycle's title history, revealing, among other things, that it was titled to Defendant at 5824 Jackson Street. The location, provided to the State of Michigan as the place where the motorcycle would primarily be located, establishes the required nexus between the place to be searched and the evidence sought in the warrant; i.e. the

6

suspected stolen motorcycle, documents showing ownership, and documents or other evidence of vehicle theft. It is this fact that distinguishes the affidavit challenged here from those in the decisions relied upon by Defendant that discussed drug trafficking activity. Here, the criminal activity being investigated involved a suspected stolen motorcycle, and Defendant Cicchetti had affirmatively reported to the State of Michigan where that motorcycle could be found. "The critical element in a reasonable search is not that the owner of property is suspected of crime but that there is reasonable cause to believe that the specific 'things' to be searched for and seized are located on the property to which entry is sought." *Frazier*, 423 F.3d at 532 (quoting *Zurcher v. Stanford Daily*, 436 U.S. 547, 556 (1978)). Given the totality of circumstances, the affidavit submitted in support of the search warrant for 5824 Jackson Street established probable cause. Probable cause existed because there was a fair probability that contraband or evidence of a vehicle theft crime would be found in that particular place.[1]

### B. The Search Warrant Was Not Overly Broad

Defendant Cicchetti also argues that the search warrant was overly broad and thus invalid because it allowed for the search of any and all vehicles found upon the curtilage or parked curb-side in front of the residential property located at 5824 Jackson in Taylor, Michigan. Defendant's argument fails. "While a general order to explore and rummage is not permitted, the degree of specificity required is flexible and will vary depending on the crime involved and the types of items sought." *Green*, 250 F.3d 477 (internal quotation

---

[1] In light of this ruling, there is no need to address the Government's additional argument that, because the officers acted in good faith, the exclusionary rule should not apply. *See United States v. Leon*, 468 U.S. 897 (1984).

marks and citations omitted).  Defendant fails to support his argument with any authority or discussion as to why the challenged phrase is overly broad.  Moreover, even if Defendant had shown the phrase to be overly broad, the entire warrant would not be doomed.  *Id.*

### III.  Conclusion

For the above-stated reasons, Defendant Cicchetti's motion to suppress is DENIED.


       s/Nancy G. Edmunds
       Nancy G. Edmunds
       United States District Judge

Dated:  February 25, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 25, 2010, by electronic and/or ordinary mail.

       s/Carol A. Hemeyer
       Case Manager